In re HESS.

No. 29333.   March 4, 1941."

*111 P. 2d 165.*

Harry C. Kirkendall, of Enid, for appellant.

Geo. Howard Wilson, of Enid, for Department of Police Civil Service Commission.

CORN, V. C. J. This is an appeal by John Hess, formerly chief of police of the city of Enid, from the judgment of the district court of Garfield county, which judgment sustained the order of the department of police civil service commission dismissing him from such office.

These proceedings originated before the department of police civil service commission of Enid, in September, 1938, when J. J. Allen, then mayor, filed written, verified charges against the appellant, John Hess, who was then the chief of police. There were contained in the complaint four separate charges, with the fourth charge having three sections thereunder. These proceedings were instituted under the provisions of amendment No. 6 to the charter of the city of Enid, which amendment had been enacted by vote of the people, and finally approved by Governor of the state, April 19, 1937.

These written, verified charges were investigated and heard by the police civil service commission on October 24, 1938, at which time John Hess appeared in person and by counsel, and at a public hearing. This hearing resulted in the commission unanimously finding and voting to sustain charge No. 2 and sections 2 and 3 of charge No. 4, and further voting the penalty as dismissal from the police department.

John Hess, on November 1, 1938, gave notice of appeal to the district court of Garfield county, by filing with the secretary of the police civil service commission his written notice of appeal as provided by article XI of amendment No. 6 to the charter. Thereupon the secretary certified and transmitted to the court clerk of said district court the proceedings had before said commission.

On December 27 and 28, 1938, this case was tried before J. W. Bird, district judge of said county, without a jury, after the court had sustained a motion to strike the complaint from the jury docket. This hearing before the court, after almost two days of testimony, resulted in the judgment of the district court sustaining the order of the police civil service commission dismissing John Hess from the office of chief of police.

Two assignments of error of the appellant are:

(1) That the evidence offered is not sufficient to warrant a removal from office.

(2) That the court committed error in denying to the accused a jury trial.

The trial court in summing up and deciding the case stated, among other things:

". . . The charge that Mr. Hess . . . furnished a quantity of whisky to John Doe, and . . . furnished some more whisky to some other parties and the evidence does not show that he sold any. He didn't have to sell it. All that would be necessary that he furnished, or not, that it was going on, that is the charge. If he let it get away from him, that would be all—that would be an attempt or an act that would be unbecoming of an officer and that would cover the charge in this case.

"Then another section as a part of the charge, he is charged with being incompetent. That doesn't mean incompetent to look after business or anything of that kind, but incompetent to perform the duties; that he might be too easy with the city's property, or with confiscated goods, that is what that section means.

"Then another section provides for the requiring of good service and discipline of the parties. Any or either of those acts which would violate any or either of those sections would warrant the civil service in dismissing him. He knew that that was going on. How could he help but know it? There was a vault there and he went in the vault with these men. They testified that they took whisky out of the vault. After they went over there for the purpose of getting it and he allowed them to go in the vault, they took it out. There can be no question, gentlemen, that the judgment should be against John Hess, dismissing him from the office of chief of police of the city of Enid."

The record clearly reflects in this case that the judgment of the court was sustained by the evidence.

As to the right of trial by jury, the appellant in his brief states:

"Chapter 20, article 2, of the Oklahoma Statutes, 1931, provides for impeachment and removal of officers and sets forth the various methods of impeachment and removal. Section 3447 provides for the removal of officers not subject to impeachment. Section 3457, Oklahoma Statutes, 1931, provides:

" 'The trial must be by jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor.' "

The appellant was charged before the police civil service commission with violation of specific causes for his suspension as set forth in the city charter of Enid, and was not charged with a crime of violating any state statute; therefore, the statutes and cases cited by him construing said statutes are not applicable to the facts in this case.

Judgment affirmed.

WELCH, C. J., and OSBORN, HURST, and DAVISON, JJ., concur.